## Commonwealth v. Losey

*Bruce M. Mundorf*, for the Commonwealth.
*William Hebe*, for defendant.

FINK, *P.J.*, January 17, 1983—This is an appeal from an order of revocation by the Pennsylvania Department of Transportation. The facts are as follows: Defendant suffered an occurrence on December 5, 1981, which resulted in a plea of guilty of

driving under the influence from which he received a six month suspension of operating privileges by the Department of Transportation effective March 12, 1982 and which was to terminate September 11, 1982 (six months). Another incident, however, occurred during the six month suspension period, viz., June 5, 1982, at which time defendant was operating a vehicle while his privileges therefor had been suspended or revoked. On September 11, 1982, defendant's operating privileges were restored pursuant to the initial incident. On October 1, 1982, an official notice of revocation was mailed to defendant to be effective October 25, 1982 for a six month period. It is this second revocation from which defendant appeals.

The statutory provision concerning the revocation of operating privileges as to a driver found guilty or pleading guilty to operating a motor vehicle while operating privileges are suspended or revoked is covered by 75 Pa.C.S.A. §1543(b) which reads as follows:

"The department, upon receiving a certified record of the conviction of any person under this section upon a charge of driving a vehicle while the operating privilege was suspended, shall revoke such privilege for an *additional* (Emphasis supplied.) period of six months. . . ."

Defendant takes the position that the word "additional" in the statute above cited means that a second suspension can only be suffered by an operator under Section 1543 if there is a suspension in existence and in effect at that time. Defendant contends that the case of Com. v. Little, 11 D. & C. 3d 442 (1979) is dispositive of the issue in his favor. The appropriate quote from Little is as follows at pages 446-447:

"Inasmuch as the Department had restored appellant's license from the first revocation, it could not then revoke for an *additional* period of one year, but could only revoke for a new period. To hold otherwise would read the word *additional* out of the statute."

The attorney for the Department of Transportation in the instant case presents the case of Com. v. Kavusak, 16 D. & C. 3d 491 (1980) in which the Honorable Judge Lavelle, President Judge, stated:

"We respectfully disagree with the Court's opinion in Little and do not place such a limited interpretation on the word "additional." In our view, the word "additional" does not imply that the initial suspension or revocation must be in effect at the time the additional suspension or revocation is applied. The word "additional" refers simply to the fact that an extra suspension or revocation is mandated for violation of Section 1543 above and beyond the period of time for which appellant's license was initially suspended or revoked, *whether or not that initial period is still in effect.*

Neither do we find that the phrase "existing suspension or revocation" in Section 1543(b) mandates that a suspension or revocation be in actual effect at the time of the additional revocation. The more sensible approach, in light of the realities of time span between citation and conviction and between conviction and notice of additional revocation, is that "existing suspension or revocation" refers to a suspension or revocation in effect at the time of the citation. . . .

Further, accepting appellant's argument would lead to an absurd result. Because the department rightfully reinstated appellant's license from the initial suspension and because the department did

not obtain an immediate conviction of defendant for driving while his license was suspended before such reinstatement, the department could not revoke his license for that violation. For the reasons already stated, we are unwilling to give our judicial blessing to such an untenable proposition."

This court believes that the Kavusak case above cited is the better reasoned of the two and we believe it should be followed as precedent instead of Com. v. Little as contended by defendant. Thus, the following

## ORDER

And now, January 17, 1983, the revocation by the Pennsylvania Department of Transportation of the operating privileges of Jerry W. Losey which was to be effective October 25, 1982, is hereby upheld.